UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61538-CIV-LENARD/GOODMAN

**CAMILO MENDOZA,**

    Plaintiff,

**v.**

**WELLS FARGO BANK, N.A.,**

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT (D.E. 7), AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant, Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint, ("Motion," D.E. 7), filed August 7, 2014. Plaintiff, Camilo Mendoza, filed a Response on August 25, 2014, ("Response," D.E. 13), to which Defendant filed a Reply on September 4, 2014, ("Reply," D.E. 20). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

### I.     Background[1]

Although the Complaint is circuitous, nonsensical, and otherwise difficult to comprehend, the Court gleans the following. Plaintiff allegedly incurred a debt on a note secured by a mortgage. (Compl. ¶ 8.) On January 28, 2010, Defendant obtained a judgment in state court against Plaintiff for $103,104.83. (Id. ¶ 16.) Plaintiff alleges that

---

[1] Unless otherwise noted, the following facts are gleaned from Plaintiff's Complaint, ("Compl.," D.E. 1), and are deemed to be true for purposes of ruling on Defendant's Motion.

this judgment was obtained fraudulently and is void.  (Id. ¶ 10.)  The Complaint further alleges that Defendant "has engaged in unlawful collection activity to forcibly remove the Plaintiff from his property by use of an obviously fraudulent and deceptive foreclosure judgment involving the Plaintiff's personal residence[.]"  (Id. ¶ 14.)

On July 3, 2014, Plaintiff filed a four-count Complaint, alleging (1) violations of the Fair Debt Collections Practices Act ("FDCPA"), (Count I, id. ¶¶ 70-76); (2) violations of the Florida Consumer Collection Practices Act, ("FCCPA"), (Count II, id. ¶¶ 77-81); (3) breach of contract, (Count III, id. ¶¶ 82-89); (4) and tortious interference with business relationship, (Count IV, id. ¶¶ 90-100).[2]  He seeks statutory damages, actual damages, punitive damages, attorneys' fees, and costs.

On August 7, 2014, Defendant filed the instant Motion, arguing that: (1) the Complaint is barred under the Rooker-Feldman Doctrine; (2) the claims are res judicata; (3) the Complaint fails to meet the Twombly/Iqbal pleading standards; and (4) Counts I and II fail to state valid FDCPA and FCCPA claims, respectively.  (See Motion at 4-11.)  Plaintiff's Response is almost as circuitous, nonsensical, incompressible, and generally reader unfriendly as his Complaint.

## II.  Legal Standards

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim

---

[2] The July 3, 2014, Complaint was the second complaint Plaintiff filed against Wells Fargo in this Court.  Plaintiff previously filed a Complaint pursuant to the FDCPA and FCCPA against Wells Fargo on April 2, 2014.  See Mendoza v. Wells Fargo Bank, N.A., Case No. 14-60788-CIV-LENARD, D.E. 1 (S.D. Fla. Apr. 2, 2014).  That case was dismissed for failure to comply with the Court's Orders.  (See id., D.E. 28.)

under Rule 12(b)(6).  (See Motion at 4.)  Because the Court finds that Plaintiff's Complaint is insufficient under the pleading standards of the Federal Rules, it limits its discussion to that argument.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss, the Court must accept the factual allegations as true and construe them broadly in the light most favorable to the plaintiff.  See Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss.  Id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.; see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  Furthermore, courts may make reasonable inferences in a plaintiff's favor, but they are not required to draw plaintiff's inference.  Sinaltrainal v. Coca-Cola, 578 F.3d 1252, 1260 (11th Cir. 2009).  The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  Am. Dental

Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

### III. Discussion

The Court finds that Plaintiff's Complaint fails to satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure. Among other deficiencies and anomalies (e.g., alleging wrongdoing on the part of "Defendant GMAC," even though GMAC is not a party to this case, (see Compl. ¶ 13)), the Complaint constitutes an impermissible "shotgun" pleading, "in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). "Shotgun" pleadings are "altogether unacceptable," Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997), because they require that "the trial court . . . sift out . . . irrelevancies, a task that can be quite onerous," Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). See also Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) (acknowledging that "a 'shotgun' approach to litigation . . . leav[es] the court with the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses").

Here, the Complaint contains seventy preliminary paragraphs alleging: Jurisdiction and Venue, ¶¶ 1-4; Parties, ¶¶ 5-7; and Factual Allegations, ¶¶ 8-70. These preliminary paragraphs are followed by four counts. Each count incorporates by reference each of the seventy preliminary paragraphs, even though "[a]nyone schooled in the law who read these complaints . . . would know that many of the facts alleged could

not possibly be material to all of the counts." Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008), as recognized by Reed v. Dep't of Navy, 899 F Supp. 2d 25, 36 (D.D.C. 2012).

To make matters worse, Counts I and II assert multiple claims for relief under a single count. Specifically, Count I asserts separate violations of 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692f(1). (Id. ¶¶ 71-73.) Count II asserts separate violations of Florida Statutes §§559.72(9) and 559.72(7). (Id. ¶¶ 79-80.) "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). However, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). "The Eleventh Circuit has interpreted the analogous language of Rule 10(b) prior to the December 1, 2007, amendments as requiring separate counts for each claim of relief." Green v. C.B. Fleet Holding Co. Inc., No. 07-80589-CIV, 2008 WL 113668, at *2 (S.D. Fla. Jan. 8, 2008) (citing Anderson, 77 F.3d 364 at 366). Accordingly, Plaintiff was required to "present each claim for relief in a separate count" rather than asserting alternative claims within a single count. Anderson, 77 F.3d at 366. Plaintiff's failure to do so has further complicated the task of deciphering his claims.

In the case of either a "shotgun" pleading or a pleading that asserts multiple causes of action in a single count, the appropriate remedy is not dismissal for failure to state a claim under Rule 12(b)(6); rather, Defendant should have moved for a more definite

statement under Rule 12(e).  See Anderson, 77 F.3d at 366; Green, 2008 WL 113668, at *2; Fed. Ins. Co. v. Bonded Lightning Prot. Sys., Inc., No. 07-80767-CIV, 2008 WL 5111260, at *6 (S.D. Fla. Dec. 3, 2008).  Nevertheless, to effectuate total clarity in the pleadings, Plaintiff shall file an Amended Complaint, asserting each claim, alternative or otherwise, in a separate count.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Complaint (D.E. 7), filed August 7, 2014, is **DENIED without prejudice**; and

2. Plaintiff has 14 days to file an amended complaint consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of March, 2015.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**